UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Brent Delano Hill,<br><br>        Plaintiff,<br><br>  v.<br><br>Nancy McMillian and Simon Major, Jr.,<br><br>        Defendants. | C/A No. 9:06-0761-GRA-GCK<br><br>ORDER<br><br>(Written Opinion) |

  This matter is before the Court for a review of the magistrate's Report and Recommendation filed on October 10, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  Plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983.

  Defendants filed a motion for summary judgment on August 2, 2006.  Plaintiff responded on August 8, 2006.  The magistrate recommended that summary judgment be granted and plaintiff's complaint be dismissed without prejudice because plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a).

  Plaintiff brings this action *pro se*.  This Court is required to construe *pro se* pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted by attorneys.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim.  *See Haines v. Kerner*,

1

404 U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff filed objections to the Report and Recommendation on October 21, 2006.[1]

Plaintiff objects that defendants' motion for summary judgment was untimely. The scheduling order in this case required defendants to file all dispositive motions within forty-five (45) days of filing their answer. Defendants filed their answer on May 18, 2006. The deadline for filing dispositive motions fell on Sunday, July 2, 2006.

---

[1] Plaintiff expressed concern that the Court would consider his objections to be untimely because the Clerk of Court did not file them until October 30, 2006; however, the Court has used October 21, 2006 as the effective filing date in accordance with *Houston v. Lack*, 487 U.S. 266 (1988).

2

Federal Rule of Civil Procedure 6(a) provides that when computing a period of time under the rules, "[t]he last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday…." Because the deadline fell on a Sunday, the defendants had an additional day to file dispositive motions. On July 3, 2006, defendants filed a motion for extension of time to file a motion for summary judgment. The magistrate granted the motion and set the new deadline for August 2, 2006. Defendants timely filed their motion for summary judgment on August 2, 2006. The Court finds this objection is without merit.

Plaintiff objects that he has exhausted his administrative remedies prior to filing this action. The Prison Litigation Reform Act (PLRA) requires the dismissal of a complaint brought by a prisoner with respect to prison conditions until the record demonstrates on its face that the prisoner has exhausted his administrative remedies. *Bowman v. Haynes*, 282 F.Supp.2d 488 (N.D. W.Va. 2003). The PLRA requirement that a prisoner utilize any available prison grievance procedure applies to all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. *Wilson v. Vannatta*, 291 F.Supp.2d 811 (N.D. Ind. 2003).

An inmate must complete four steps in order to exhaust his administrative remedies with the Bureau of Prisons. First, the inmate must attempt to resolve the issue informally with the prison staff. 28 C.F.R. § 542.13. Then the inmate must file a Form BP-9 with the warden. *Id.* § 542.14. Then the inmate must submit an appeal

3

on Form BP-10 to the Regional Director. *Id.* § 542.15.  Finally, the inmate must appeal to the General Counsel on Form BP-11, thus exhausting his administrative remedies and conferring jurisdiction on this Court. *Id.*

Plaintiff argues that he filed two grievances on August 17, 2006.  However, these grievances were filed after the instant lawsuit was begun.  Furthermore, the plaintiff states that he disagreed with the decision of the shift supervisor but does not allege that he appealed the decision.  Plaintiff refers to four other grievances without mention of what date they were filed or whether they were appealed.  The Court finds that plaintiff has failed to show that he exhausted his administrative remedies prior to filing this action.

Plaintiff argues that the administrative process is deficient.  The plaintiff is not permitted to dictate the terms of his remedy to this Court.  Rather, the plaintiff must seek out his remedy through the administrative process while adhering to its requirements.  The plaintiff has clearly not done so.

Plaintiff argues with the factual contentions made by defendants during the discovery process.  Because these disputes have no bearing on the failure to exhaust administrative remedies, the Court need not consider them.

Plaintiff objects that he should have been afforded legal counsel because the SLRDC lacks a law library or access to legal materials.  On March 27, 2006, plaintiff filed a motion to appoint counsel, and said motion was denied by order of the magistrate judge on March 29, 2006.  On April 7, 2006, plaintiff filed a motion to

4

reconsider, which was denied the same date.

The Court may appoint counsel in §1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The magistrate correctly concluded that plaintiff's lack of access to legal materials does not constitute exceptional circumstances.

Plaintiff's remaining objections are in reference to discovery disputes and a request for an evidentiary hearing. The Court finds that further discovery is not necessary because plaintiff has clearly failed to exhaust his administrative remedies. Discovery will not reveal otherwise when plaintiff does not contend that he appealed any grievances as required by 28 C.F.R. §542.14 *et seq.* The Court finds that an evidentiary hearing is unnecessary in this case because the factual issues and legal arguments have been adequately briefed by the parties.

Plaintiff filed a Motion for Relief on November 9, 2006, reiterating the discovery disputes and accusing defendants of perjury. Defendants responded on November 27, 2006, and plaintiff replied on December 1, 2006. The magistrate did not consider these motions and so the Court will consider them now.

As stated previously, the factual record shows that plaintiff has not exhausted his administrative remedies and his case is subject to summary judgment. Further discovery will not reveal that plaintiff exhausted his administrative remedies when even plaintiff himself does not claim that he appealed any of the defendants' decisions. Plaintiff's accusations of perjury are not well-taken. The Court is not convinced that

5

defendants misrepresented any material facts. Even if defendants committed perjury, this is not the proper forum in which to bring those charges.

After a review of the magistrate's Report and Recommendation and the objections thereto, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that plaintiff's motion for relief [28-1] be DENIED; plaintiff's motion for just cause [35-1] be DENIED; plaintiff's motion for relief [38-1] be DENIED; and plaintiff's motion for relief [46-1] be DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for relief [54-1] be DENIED and defendants' motion for summary judgment [32-1] be GRANTED.

IT IS SO ORDERED.

G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

January 3, 2007

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date the judgment of this Order is entered, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.